JOHN R. HIGGINS *vs.* J. B. FARNUM COMPANY.

JULY 9, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit for an attorney's fee. The case was heard in the superior court by a justice thereof sitting without a jury. He decided for the plaintiff in the sum of $2180, and thereupon the defendant prosecuted to this court its bill of exceptions containing only an exception to such decision.

The plaintiff is seeking to recover what he alleges to be the fair and reasonable value of his services to the defendant, under the facts and circumstances as disclosed by the evidence. According to his bill of particulars he fixes the value of such services at $2530. He does not allege or attempt to prove any agreement or understanding between himself and the defendant in regard to the payment for his services. The defendant, on the other hand, contends that on several occasions its president, George W. Carroll, was informed by the plaintiff that his fee, which is now the subject of the present case, would be small, and that the defendant proceeded on that basis with the litigation for which the plaintiff's bill was rendered. The defendant also takes the position that the plaintiff's fee, as allowed by the trial justice, is unreasonable and excessive in view of the services rendered, the amount involved and the result of the litigation to which the defendant was a party. The plaintiff denies making any statement to George W. Carroll concerning the size of the former's fee.

The trial justice found specifically as a fact that no statement was made to George W. Carroll by the plaintiff that he would charge only a small fee for the work he was engaged in on behalf of the defendant. Such a finding of fact by the trial justice, based on conflicting evidence, will not be disturbed by us unless it is clearly wrong. He has seen and heard the witnesses testify. We have not had that advantage. We have examined the evidence on the matter in question and cannot say that the trial justice was clearly wrong in finding as he did. The only issue remaining for determination, therefore, is whether the decision of the trial justice, that $2180 represents the reasonable value of the plaintiff's services to the defendant, is supported by the evidence, or is clearly erroneous as the defendant contends.

The plaintiff presented as witnesses in his behalf two attorneys of standing and experience who testified in substance that the bill of $2530 rendered by the plaintiff to the defendant was reasonable considering the services performed. They testified in some detail as to the propriety of the charges made by the plaintiff for the various types of legal work done by him. An attorney, likewise of standing and experience, testified for the defendant that in his opinion a fair and reasonable lump sum charge for the legal work done by the plaintiff for the defendant would be $600, considering the amount involved and the result obtained. On the basis of the plaintiff's itemized bill, taking into consideration the time spent by the plaintiff and the different kinds of services performed by him for the defendant, this witness placed a figure of $1130 as reasonable for the plaintiff's services.

The evidence shows that the services, for which the plaintiff rendered the bill in suit, began in October 1931. They grew out of certain provisions in a lease wherein one John Johnston was lessor and the defendant company was lessee. This lease was to expire December 31, 1931. The plaintiff was employed by William Brown, an officer of the defend-

ant, to represent that company in matters connected with the lease. The lessor, Johnston, was then dead, and the Rhode Island Hospital Trust Company was executor and trustee under his will.

It appears from the evidence that the first two matters handled by the plaintiff for the defendant, following his employment, were not of a serious or complicated character. The first was the filing of a petition in the probate court of Woonsocket praying that the defendant be permitted to file out of time a claim against the Johnston estate. This petition was granted by that court, from which decision the executor of said estate took an appeal to the superior court. This appeal was dismissed after a short hearing in that court and the claim in question was thereafter filed in the probate court, and later disallowed by the executor. The second matter was the bringing of an action in the superior court on this disallowed claim. This case was on the trial calendar in that court several times, but was never tried.

By far the greater portion of the plaintiff's services were performed in connection with a case brought in May 1933 by the Rhode Island Hospital Trust Company, trustee, against the defendant, to recover rent and interest amounting at that time to something over $1500. On behalf of the defendant, in that action, the plaintiff filed a plea in set-off of about $5000. This case was tried in the superior court, and thereafter heard in this court on the defendant's exceptions. It is not necessary to refer to this litigation in detail. The case is reported in 58 R. I. 86, 191 A. 508, and in it the defendant was ultimately successful. After the above litigation was terminated, the plaintiff, in June 1937, sent to the defendant an unitemized lump sum bill amounting to $984, stating that the case had been "a typical salvage case" in which the usual contingent fee was fifty per cent. This bill apparently was figured at one-half of the amount of rent and interest which the Rhode Island Hospital Trust Company, trustee, had unsuccessfully sought to recover

from the defendant. The latter, acting through George W. Carroll, refused to pay this bill, claiming it was too large. The sending of this bill did not amount to an account stated, in view of the fact that the defendant declined to accede to its terms. See *Gunning* v. *Rosen,* 49 R. I. 59. Since the defendant would not agree to his bill as figured on a contingent basis, the plaintiff submitted the bill now sued on herein based on time spent and on the alleged reasonable value of services rendered the defendant. After the latter declined to pay this second bill also, the plaintiff brought the present action in August 1937.

For his services to the defendant in connection with the two minor matters above referred to the plaintiff charged the sum of $300, divided equally between them. The plaintiff's bill for services in the principal litigation was $2230. In general, this was made up of a charge of $100 a day for three days in court, a charge of $10 an hour for preparation of the case for trial, for all brief and law work, for time spent in connection with prosecuting the bill of exceptions to this court, and a series of small charges amounting in all to $200 for routine and incidental matters connected with the case.

In his decision the trial justice, in the main, sustained the plaintiff in the charges he had made. However, he reduced the bill $350 by allowing the plaintiff only $150 in all for the routine matters connected with the principal litigation, and for his services in connection with the two minor items of work hereinbefore mentioned. After a careful consideration of the evidence in the instant case, it is our opinion that the findings of the trial justice are correct except in one particular. In our judgment, his allowance to the plaintiff for brief work, in view of all the facts and circumstances as shown by the evidence, is excessive and clearly wrong.

It is not necessary to refer specifically to the general considerations which enter into the determination of the value

of an attorney's professional services. The matter has been discussed in several cases, and the rule to be applied is well settled in this state. *Gorman* v. *Banigan,* 22 R. I. 22; *Page* v. *Avilla,* 55 R. I. 52. The evidence herein tended to show that the plaintiff spent one hundred thirty-nine hours in connection with the preparation of three briefs, one for the superior court and two for this court. It appeared from the plaintiff's testimony that he had no daily diaries or regular books of account in which the time spent by him in connection with the litigation in question was recorded. He fixed such time by an examination of the court records, by entries on loose memoranda which were not placed in evidence, by estimate and from memory. However, assuming, as the trial justice evidently found, that the plaintiff did spend in brief work the time testified to by him, we are of the opinion that an allowance of $10 per hour for such work, under the facts and circumstances shown by the evidence, is too large.

Very possibly under a different set of facts such a charge might well be reasonable. However, in the ordinary case the amount involved in and the result of the litigation, as well as other matters, must be given consideration in determining the reasonable value of the attorney's services. It appears from the evidence that by the final decision in the action brought by the Rhode Island Hospital Trust Company, trustee, against the defendant, the latter was relieved from paying rent, which at that time amounted with interest to something less than $2000, and that in addition, the defendant, on its plea in set-off, was awarded a judgment against said Rhode Island Hospital Trust Company, trustee, for $4609.13 and costs, upon which judgment an execution for that amount was issued and later delivered to the defendant by the plaintiff herein. It is clear from the evidence, however, that the defendant has not as yet realized anything on this execution, and that it believes it is not likely to in the future, because it considers that the Johnston estate is probably insolvent. The involved financial condition of that

estate was known to all the parties when the litigation, for the conducting of which the plaintiff is now seeking to be paid, was instituted.

Generally speaking, if a party desires to litigate he must expect to pay his attorney a reasonable fee for his professional services in that connection, and if the amount involved is small and the client instructs the attorney to do a large amount of work, the former cannot thereafter complain if the bill seems disproportionately large. Under such circumstances, however, the client must have a full knowledge of the facts. On the other hand, there is some duty resting upon an attorney, if he intends to base his bill entirely on the reasonable value of his services, to make clear to his client that the amount of work he is being called upon to perform will cause his fee to be out of proportion to the money involved, so that the client may have an opportunity to determine whether or not he desires to proceed with the matter. While from the evidence herein it appears that George W. Carroll had a general knowledge of the financial situation, the record does not show that he was fully apprised by the plaintiff of the amount of work the latter was doing for the defendant, or that his bill would probably be as large as finally submitted.

It appears from the record before us that the plaintiff capably represented the defendant in the matters he was called upon to handle. He spent considerable time and did much work on behalf of the defendant. The principal question raised in the case brought by the Rhode Island Hospital Trust Company, trustee, was unusual and not without difficulty. Its solution undoubtedly required careful study of the authorities. However, it is reasonable to assume that in preparing three briefs on substantially the same issue some duplication was unavoidable. Further, the work for which the plaintiff has charged in this connection included an examination of the law, the abstracting of cases, the

writing and dictating of drafts of briefs and the rearranging and condensing of the same.

Both parties herein submitted the testimony of expert witnesses on the question of what, in their opinion, would be a reasonable charge per hour for work done by the plaintiff out of court. A witness presented by the defendant testified that in his judgment $5 per hour was reasonable, having in mind all the circumstances surrounding the litigation between the defendant and the Rhode Island Hospital Trust Company. Giving due consideration to the plaintiff's diligence, ability, experience and standing in the profession, the nature of the services rendered, the questions involved, the charges prevailing in the community for the type of work done by him and, in addition, the amount of money involved and the result obtained, we find that, under all the facts and circumstances appearing from the evidence in the instant case, a charge of $10 per hour for the brief work above referred to was excessive, and that a reasonable charge would be $5 per hour. The defendant's exception is sustained on the ground that the amount given the plaintiff by the trial justice in his decision is clearly excessive.

The plaintiff, however, should be given an opportunity to remit so much of such decision as we find to be excessive. In accordance with our above holding, it is our opinion that the plaintiff should be allowed $695 instead of $1390 for brief work, thereby reducing the sum awarded the plaintiff by the decision of the trial justice from $2180 to $1485.

The case is remitted to the superior court for a new trial, unless the plaintiff shall file in the office of the clerk of the superior court, on or before July 20, 1938, his remittitur of all of such decision in excess of $1485. If such remittitur shall be filed as aforesaid, the superior court is directed to enter judgment for the plaintiff for $1485.

*William A. Gunning,* for plaintiff.
*Kennedy & Greene,* for defendant.