229 A.2d 620.

FELICE A. PALUMBO *vs.* UNITED STATES RUBBER COMPANY.

MAY 17, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition brought in the name of the employee for the fixing of counsel fees for the successful prosecution of a petition for the payment of medical expenses and for permission to exceed the statutory medical maxima. The case was twice before us. *Palumbo* v. *United States Rubber Co.*, 97 R. I. 20, 195 A.2d 238; *Palumbo* v. *United States Rubber Co.*, 101 R. I. 659, 226 A.2d 500. It involved the claims of three physicians who derivatively[1] in the name of the employee sought to recover their charges of $275.50 for medical services. The litigation terminated with the second decision when we directed that one physician be paid $45.50 which represented a portion of his bill, permitted the stipulated maxima to be exceeded to the extent necessary to make that payment, and denied

---

[1] In *Wynne* v. *Pawtuxet Valley Dyeing Co.*, 101 R. I. 455, 224 A.2d 612, we held that an attending physician had no right, independently of a proceeding instituted in the name of his employee-patient, to proceed directly against an employer.

recovery of the other medical charges because the physicians had failed to comply with the reporting requirements of G. L. 1956, §28-33-8, as amended. The employee's counsel now ask for a fee of $1,225 for the services performed in those proceedings and support the reasonableness of that demand with an itemized sworn statement which discloses that their office spent approximately 35 hours in preparing, briefing and arguing before the commission and in this court.

The employer construes the controlling statute[2], G. L. 1956, §28-35-32, as amended, as contemplating an award of counsel fees only in those instances where an employee has directly benefited from a petition brought in his name. No such benefits accrued here, the employer argues, because the employee's name was borrowed by the physicians and used by them in the prosecution of suits for the payment of their bills for medical services. Even were we to accept *arguendo* the benefit theory, it would not help the employer's cause. In this case the employee was a direct beneficiary at least to the extent of $45.50, and were it not for this litigation he would have been personally obligated in that amount to his attending physician.

The employer also argues that an award of counsel fees is not permitted unless the employee has been completely successful in the prosecution of his petition. It points to the statute which provides that counsel fees will be charged against an employer for the benefit of an employee if he successfully prosecutes his own petition or if he success-

---

[2]It reads in pertinent part:
"* * * In proceedings under said chapter, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, petitions for review filed by employers."

fully defends, "in whole or in part," a petition for review filed against him. The difference between the two, the employer argues in its brief, supports the theory that the legislature did not intend to allow counsel fees where an employee was only partially successful.

Notwithstanding that contention, the employer, in oral argument and in response to questions from the bench, conceded that fees for an employee's counsel are both appropriate and required where the only recovery on a petition for total compensation is benefits for partial incapacity. It agrees also that a worker who petitions for both weekly benefits and specific compensation, and who is awarded only the former is nonetheless entitled to have his legal fees paid. We see no distinction between such petitions and a petition for medical services. We hold that counsel fees should be awarded in the instances provided for in the statute, notwithstanding the fact that the employee's success is partial rather than total. Our conclusion is consistent with that previously reached in a bench decision. *Costa* v. *Cars, Inc.*

Having made the initial determinations, we turn now to what the fee shall be. The statute mandates a fee, and it directs that the commission or the court, as the case may be, shall fix an award which shall be "consistent with the services rendered," that is to say, which is fair and reasonable. *O'Neil* v. *M & F Worsted Mills, Inc.*, 100 R. I. 647, 218 A.2d 666; *Roy* v. *Great Atlantic & Pacific Tea Co.*, 101 R. I. 53, 220 A.2d 512. What is fair and reasonable depends, of course, on the facts and circumstances of each case. *Drake Bakeries, Inc.* v. *Butler*, 95 R. I. 143. We consider the amount in issue, the questions of law involved and whether they are unique or novel, the hours worked and the diligence displayed, the result obtained, and the experience, standing and ability of the attorney who rendered the services. *Gorman* v. *Banigan*, 22 R. I. 22; *Page* v. *Avila*,

55 R. I. 52; *Higgins* v. *J. B. Farnum Co.*, 61 R. I. 262; *Lisker* v. *Monti*, 74 R. I. 310. Each of these factors is important, but no one is controlling. *Lisker* v. *Monti*, *supra*.

The difficulty in this case arises from its peculiar factual situation. The employee's counsel emphasize that the litigation was protracted and extensive and refer to the approximately 35 hours consumed in the trial before a single commissioner and in the briefing and the arguing of their contentions first before the full commission and then to this court.

The employee disregards the true nature of these proceedings when he relies on the total time spent as the principal standard for measuring the true value of the services performed by his counsel. Here the derivative claims of the three physicians were merged in a single petition. One was for $160; another for $60; and the third for $55.50. These were in actuality three separate and distinct claims. It was the employer, not the employee, who was successful on the first two and the employee's recovery on the third was limited to $45.50. Each claim involved different evidence and to some extent different legal principles. While no mathematical formula is available to apportion the time spent among the three claims, it is clear that a substantial portion of counsel's 35 hours was devoted to the advancement of contentions which were rejected first by the commission and ultimately by us. In terms of §28-35-32, as amended, the employee was unsuccessful as to these aspects of his case.

We turn now to the employer's contentions. Like the employee, it asks us to apply only those standards which are favorable to its position and it argues that the fee must bear a reasonable relation to the amount involved and the recovery obtained. Particularizing from the generality, it argues that a case involving a maximum potential liability of $275.50 and a recovery of only $45.50 should not justify a fee of $1,225.

What the employer ignores is the settled rule that a party who wants to litigate must be prepared to pay the reasonable costs of the litigation. *Higgins* v. *J. B. Farnum Co., supra.* A person who has directed counsel to undertake extensive labors in a cause where the principle is important but where the amount involved is small, cannot after the fact object to the charge for legal services on the ground that it is grossly disproportionate both to the amount involved in the controversy and to the number of dollars collected. The same rule obtains in determining the counsel fees which by statute are chargeable as costs against an unsuccessful employer in a compensation case. *Neylon* v. *Ford Motor Co.,* 27 N. J. Super. 511, 99 A.2d 664; *Walters* v. *General Acc. & Fire Assur. Corp.,* La., 119 So.2d 550, 561.

In this case the employer knew that it was defending against the claims of three physicians whose bills aggregated $275.50 and it was or should have been aware that an unsuccessful defense would, by legislative directive, burden it with the payment of the charges of the employee's attorneys subject only to the limitation that the charges be consistent with the services performed. Now that the litigation has terminated, the same rationale which would prevent it from limiting the fees of its own attorneys by applying the amount-involved and the result-obtained-standards applies equally when it comes to measuring the fair and reasonable worth of the services performed by the employee's counsel. The employer, as was its right, chose to be disputatious and it ran the risk, if unsuccessful, of being burdened with the costs of the litigation. These costs included the employee's counsel fees. In the circumstances, we are more concerned that counsel receive a fair return for the time consumed in the prosecution of the case than that the fee we award be in direct proportion to the amount of recovery.

In arriving at a judgment as to what will be fair and

reasonable both to counsel and to the employer, we neither subscribe to a theory that the fee shall in all events be proportionate to the dollars involved or that it be a fixed percentage of the recovery. At the same time we reject the time spent by counsel as the decisive determinant. Instead we consider all the elements which properly enter into the fee-setting process giving each such weight as may be appropriate to the peculiar circumstances of the case.

Our judgment is that a fee of $500 will reasonably reward counsel for so much of their services as are allocable to that portion of the proceedings where the employee achieved some success. Notwithstanding the disproportion between the fee we award to counsel and to the $45.50 actually recovered, it is not unfair that the employer should be made to pay for the extensive litigation which it could easily and at small cost have avoided. And counsel for the employee, even though the sum they receive will yield an hourly rate of compensation substantially less than what their diligence and competence would normally entitle them to be paid for their labors, will not be treated unfairly. They took the case knowing that without success there would be no reward.

The petitioner's motion is granted, costs in the sum of $500 for counsel fees for all services rendered in these proceedings both in this court and before the workmen's compensation commission are hereby awarded to the petitioner and assessed against the respondent, and the cause is remanded to the workmen's compensation commission for entry of a decree in accordance with this opinion.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik,* for petitioner.

*Ambrose W. Carroll, Carroll, Kelly & Murphy,* for respondent.