[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the plaintiff's motion to freeze funds and attach assets.
FACTS
In this case, the plaintiff is a law firm located in Pawtucket, Rhode Island. The defendant is a resident of North Providence, Rhode Island. The plaintiff served as counsel to the defendant in the divorce proceeding of Ralph Mangiarelli v.Barbara Mangiarelli, C.A. No. 90-2725. The final decree inMangiarelli was entered on March 4, 1991. Under the terms of the divorce decree, the marital domicile located at 42 Gillen Avenue in North Providence was to be sold and the proceeds split between the parties. Barbara Mangiarelli agreed to pay the plaintiff its legal fee of $2,700.00 from her share of the proceeds according to the agreement. The marital domicile was sold and the proceeds split on May 30, 1991. Barbara Mangiarelli failed to pay and still has not paid the legal fee owed to the plaintiff from her share of the proceeds.
ANALYSIS
It is a well-settled principle that "if a party desires to litigate, he must expect to pay his attorney a reasonable fee in that connection". Higgins v. J.B. Farnum Co., 61 R.I. 262, 268,200 A. 538, 540 (1938). See also Flynn v. Pearce, 106 R.I. 323,259 A.2d 401 (1969); Palumbo v. United States Rubber Company,102 R.I. 220, 229 A.2d 620 (1967). In Rhode Island, whenever the attorney-client relationship has been commenced by an express or implied contract for legal services, the attorney shall have a lien for the value of his services performed. R.I. Gen. Laws §9-3-1 (1985). The attorney's lien operates from the time notice is given by the attorney to the individual whom the claim is made against. § 9-3-2. A settlement before or after a judgment shall invalidate the lien, but the lien may be enforced against money or anything of value which is the consideration for the settlement. Id. Finally, R.I. Gen. Laws § 9-3-3 provides the authorization to enforce an attorney's lien through a civil action. This cause of action is heard by the court according to the usages in chancery and the principle of equity. § 9-3-3.
Applying the above to the case at bar, this court grants the plaintiff's motion to freeze funds and attach assets. The plaintiff entered into an agreement to provide legal services for the defendant. These services were performed and completed as of March 4, 1991, as demonstrated by the entry of the final divorce decree. Further, the defendant received the proceeds from the sale of the marital domicile on May 30, 1991. The sale of the marital domicile was part of the divorce settlement. Under §9-3-1, a lien was created for the legal services provided. The lien operates against the proceeds the defendant received from the sale of the marital domicile. Finally, the plaintiffs have correctly enforced their claims according to the usages in chancery and the principles of equity. Therefore, this court freezes the funds of the defendant that were derived from the proceeds of the sale of the real estate located at 42 Gillen Avenue in North Providence, Rhode Island. Further, this court orders the above assets to be attached and remain frozen until the defendant pays to the plaintiff her outstanding balance for legal fees.
Counsel shall prepare an order to reflect the above disposition.