[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is the plaintiff's request for attorney's fees for the expenses incurred in obtaining an order to compel production of documents and a subsequent default judgment against defendant Stephen Napolitano, in his capacity as Treasurer of the City of Providence.
As part of the discovery process, the plaintiff sought to obtain certain documents from the defendant City of Providence. Plaintiff's second motion to compel was heard and granted on January 31, 1991. The defendant was given until March 19, 1991 to produce but failed to comply with the order. On May 31, 1991 the plaintiff moved this court for entry of default pursuant to Super. R. Civ. P. 37(b)(2)(iii). The default order was entered on June 6, 1991.
The plaintiff's request for attorney's fees in connection with this matter was continued for hearing and is now before this Court.
Rule 37(a) provides, in part:
 Upon the failure of a deponent or a party to . . . . make discovery as requested under Rule 34, the proponent of the question or the requesting party may make like application for such an order. If the motion is granted the court shall, after opportunity for hearing, require the party or deponent whose failure to answer adequately or otherwise to make discovery necessitated the motion, or the party or attorney advising such conduct, or both of them, to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that opposition was substantially justified or that other circumstances make an award of expenses unjust.
The record before this Court indicates that the defendant ignored the plaintiff's request for production and refused to make the discovery pursuant to a court order. With respect to his non-compliance, the defendant has failed to demonstrate either an inability or a good faith effort to comply. Accordingly, plaintiff at bar is entitled to attorney's fees pursuant to Rule 37(a).
Rule 37 provides that the party who failed to produce should pay for the "reasonable expenses incurred in obtaining the order, including attorney's fees." What is fair and reasonable depends on the facts and circumstances of each case. Palumbo v. U.S.Rubber Co., 229 A.2d 620, 102 R.I. 220, 223 (1967). Among the elements to be considered are the amount in issue, the questions of law involved and whether they are unique or novel, the hours worked and the diligence displayed, the result obtained, and the experience, standing and ability of the attorney who rendered the services, with each given weight as may be appropriate to peculiar circumstances of the case. Id.
In the affidavit in support of plaintiff's request, plaintiff's counsel estimates the value of his services in obtaining the order and default to be $1192.75. Plaintiff's attorney bases his fee request on approximately 11 hours spent in preparing documents and appearing before the court. After considering plaintiff's attorney's fee request in light of the facts and circumstances of this case and the affidavit he has provided in support thereof, this Court finds $1,000. to be a reasonable fee for the plaintiff's attorney's services.
The plaintiff's request for counsel fees is granted, and costs in the sum of $1,000. are hereby awarded to the plaintiff. Counsel shall prepare a judgment order consistent with this decision.