[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court for decision is a motion filed by the plaintiff, Richmond Sand Gravel, Inc. (Richmond), for an award of attorneys' fees in the amount of $52,942.80 pursuant to Rhode Island's mechanics' lien statute. The defendant — Sharpe Drive Corp., Harleysville Worcester Insurance Company and J. D'Ercole Construction, Inc. (D'Ercole) — has filed a timely objection. Jurisdiction is pursuant to G.L. 1956 § 342-8-19.
 Facts and Travel
The details concerning the underlying contractual dispute between Richmond and D'Ercole are delineated in this Court's decision rejecting D'Ercole's post-jury trial motion for remittitur — or, in the alternative, a new trial — at Richmond Sand Gravel, Inc. v. J.D'Ercole Construction, Inc., No. 03-3692, 2005 R.I. Super. LEXIS 4 (Jan. 26, 2005). A brief recitation of the facts and procedural history pertinent to Richmond's motion currently at bar follows.
Richmond and D'Ercole entered into a contract on August 2, 2002, whereby Richmond agreed to supply D'Ercole with a specified amount of bank run gravel for use in a construction project commonly referred to as the "Swarovski N.A. Expansion in Cranston, R.I." See Richmond Sand Gravel, Inc., 2005 R.I. Super. LEXIS at 1. Richmond supplied the gravel, but subsequent disagreements related to amount and pricing spurred litigation. Id. at 1-2.
Richmond filed two actions. Initially, it filed a breach of contract and quantum meruit claim (contract action), which resulted in a jury verdict in its favor on October 15, 2004.[1] Shortly after filing the contract claim, Richmond also filed a petition to enforce its mechanics' lien pursuant to G.L. 1956 § 34-28-13 (lien action). The parties consolidated the two actions prior to the commencement of the jury trial to facilitate a more efficient and timely proceeding. On July 27, 2004, Richmond moved to sever the two claims, citing its rights under G.L. 1956 § 34-28-16.2.[2] Before the severance issue had settled, however, D'Ercole moved to dismiss the lien action altogether, and this Court granted the dismissal.[3]
Subsequent to both the dismissal of the lien action and the rendering of a verdict — in the plaintiff's favor — in the contract action, the Rhode Island Supreme Court held that the mechanics' lien statute was, in fact, constitutional. See Gem Plumbing Heating Co. v. Rossi,867 A.2d 796 (R.I. 2005). Consequently, on April 11, 2005, the parties stipulated to a judgment in the lien action in favor of Richmond for the amount of $101,350, as already set forth in the existing execution. Richmond has now moved this Court to award attorneys' fees pursuant to sec. 34-28-19.
 Plaintiff's Motion for Assessment of Attorneys' Fees
Richmond first contends it is entitled to attorneys' fees in this matter because it is the prevailing party. (Motion for Assessment of Attorneys' Fees (Motion) at 1). The Rhode Island mechanics' lien statute provides, in pertinent part, "[t]he court, in its discretion may . . . allow for the award of attorney's fees to the prevailing party." Sec.34-28-19. In its motion, Richmond cites to a recent Rhode Island Supreme Court decision which, in its text, defined "prevailing party" as the party that has prevailed on the "significant issues tried before the court." Keystone Elevator Co., Inc. v. Johnson Wales University,850 A.2d 912, 918 (R.I. 2004) (quoting Prosperi v. Code, Inc.,626 So. 2d 1360, 1363 (Fla. 1993)). D'Ercole does not challenge Richmond's self-proclaimed designation as the "prevailing party" in the lien action. Rather, D'Ercole's central objection, and the concern which this Court finds decisive, is that the lion's share of the fees the plaintiff now seeks were, in fact, incurred in the prosecution of the contract claim.
Because the vast majority of fees stem from the contract proceeding — and not the lien action — the plaintiff advances the argument that the overlap of fact and law between the two claims essentially renders them one and the same for purposes of fees. (Tr. at 5-6). "So the basic argument is the cases were consolidated, judgment was entered, and we're urging the Court to treat the mechanics' lien case as though we tried it, which, in fact, we did. There was one trial." Id. To bolster its claim, the plaintiff maintains that the underlying facts in contention in the two cases are so intertwined that a decision in one would suffice to act as res judicata towards the other. (Tr. at 5). In this sense, in spite of the fact that this Court dismissed the lien action on September 1, 2004, Richmond proposes that the jury trial — which took place from October 12, 2004 to October 15, 2004 — pertained to the mechanics' lien as well as to the contractual issues.
D'Ercole objects to Richmond's line of reasoning on this front, maintaining that the contract action and lien action were separate proceedings. To this effect, Richmond asks this Court to grant fees without citing any applicable statute or contractual provision authorizing it to do so. D'Ercole claims, and the Court agrees, that granting fees in this instance would be contrary to Rhode Island's long standing practice against awarding attorneys' fees absent specific contractual or statutory authority. See Capital Properties., Inc. v. Cityof Providence, 843 A.2d 456, 459 (R.I. 2004) (quoting Insurance Co. ofNorth America v. Kayser-Roth Corp., 770 A.2d 403, 419 (R.I. 2001)). Richmond has submitted invoices for work product spanning nearly two years and labels the mechanics' lien statute as the authority for its request without specifying which invoices relate to the mechanics' lien. This omission is significant given that this Court dismissed the lien action more than a month prior to the commencement of the jury trial on the merits of the contract action. (Objection to Motion for Assessment of Attorneys' Fees (Objection) at 4-5).
In its objection, D'Ercole suggests that, because the majority of fees Richmond seeks to recover stem from work related to the contract action, the more appropriate source of statutory authority for recovering fees in this instance would have been under G.L. 1956 § 9-1-45. This section provides the trial court discretion to award attorneys' fees in a breach of contract action only where it finds that the nonmoving party had gone forward without any arguable proposition of law to support its course of action. Sec. 9-1-45; see also Bucci v. Anthony, 667 A.2d 1254, 1256
(R.I. 1995); UXB Sand Gravel, Inc. v. Rosenfield Concrete Corp.,641 A.2d 75, 80 (R.I. 1994). This Court is satisfied that even had Richmond premised its motion pursuant to sec. 9-1-45, both the evidence presented at trial, as well as the jury verdict denying recovery on the breach of contract claim, indicate that justiciable issues of both law and fact were at play in this instance.
Absent statutory authority, this Court's awarding fees in this matter would be tantamount to derogating the aforementioned, and well-established, principle against shifting fees in civil actions. Rhode Island adheres to the firmly rooted American Rule, which directs that, absent a statute or enforceable contract provision, attorneys' fees are not ordinarily recoverable as damages. 22 Am. Jur. 2d Damages § 430 at 384-85 (2003); see also Kells v. Town of Lincoln, 874 A. 2d 204, 215-16
(R.I. 2005) (Goldberg, J., concurring in part and dissenting in part); InRe Schiff, 684 A.2d 1126, 1138 (R.I. 1996).
Finally, Richmond avers that $52,942.80 is a reasonable request. (Motion at 2). Whether attorneys' fees are reasonable is the product of inquiry into factors delineated in Rule 1.5 of the Rhode Island Supreme Court Rules of Professional Conduct. See Colonial Plumbing HeatingSupply Co. v. Contemporary Construction Co., Inc., 464 A.2d 741, 743
(R.I. 1983) (quoting Palumbo v. United States Rubber Co., 102 R.I. 220,223-24, 229 A.2d 620, 622-23 (1967)) (listing time and labor, preclusion of other employment, customary fee, time limitations, nature of relationship with client, experience and reputation of lawyer, type of fee as decisive factors). In support of its claim, the plaintiff has submitted copies of the relevant invoices, as well as Affidavits from various attorneys expounding upon the nature of the service provided. (Appended to Motion). Because the Court has established that there exists no authority for granting fees in this instance, it need not inquire into whether the dollar amount requested is reasonable.
 Conclusion
For the foregoing reasons, the Court denies Richmond's request for attorneys' fees. Counsel shall submit the appropriate judgment for entry.
[1] A jury heard this matter, captioned as Richmond Sand Gravel,Inc., v. J. D'Ercole Construction, Inc., C.A No. 03-3692, and rendered a verdict for Richmond in the amount of $81,338.19. The state, adding interest and costs, issued an execution on March 4, 2005 for $101,350. The jury indicated that its decision was predicated on an unjust enrichment theory and was clear that it did not find a breach of the contract.
[2] The statute provides, in pertinent part, that mechanics' lien actions "shall continue pursuant to the rules of civil procedure, in a nonjury proceeding." Sec. 34-28-16.2. Accordingly, Richmond moved this Court to have the lien action heard in a nonjury setting.
[3] Justice Fortunato granted D'Ercole's Motion to Dismiss the lien action and vacate the lien itself, finding persuasive defendant's argument that the statutory language in the mechanics' lien law as enacted in Chapter 28 of Title 34 of the General Laws of Rhode Island was unconstitutional. (Order at 1). This dismissal was in line with other Rhode Island Superior Court decisions at that time. See Sells/GreeneBuilding Co. v. Rossi, 2003 R.I. Super. LEXIS 66, vacated, Gem Plumbing Heating Co. v. Rossi, 867 A.2d 796 (R.I. 2005); Kinetic Sys. v. R.I.Indus. Facilities Corp., 2003 R.I. Super. LEXIS 113.