[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State of Israel, the residuary beneficiary of the estate of Margaret Carlson, has taken an appeal from the Probate Court award of $20,300.00 for attorney's fees to Attorney Myrna E. Gans, for legal services rendered in the probate of the estate. Attorney Gans was also awarded executor's fees of $9,500.00 which is not in dispute. The reasons of appeal set forth that the attorney's fees ordered are excessive and unreasonable. This court acts as a Court of Probate in this matter and the trial is conducted as a de nova action.
The facts are found as follows herein: Margaret Carlson died May 1, 1989 leaving a will in which the state of Israel was the residuary beneficiary, and the only recipient under her will, the other person named therein having pre-deceased her. The total value of the estate was $352,174.80 and consisted of real property of the value of $199,500.00, bank accounts of $122,315.43, furniture $1,000.00, cash refunds of $921.00 and the remainder was interest on the bank accounts. The real estate was sold for $199,500.00 for which Attorney Gans' firm was paid $1,000.00 for legal fees. After the payment of the estate debts, the sum of $257,600.14 remained for distribution, in this case to the state of Israel. Attorney Gans was appointed administrator CTA of the estate and she retained her law firm as attorney for the estate. Her bill as attorney is annexed hereto as Exhibit A and will be referred to in this memorandum. It claims 107.30 hours of work at a charge of $200.00 per hour. A portion of the time expended on this estate resulted from an issue raised with the Succession Tax Department of the, State of Connecticut as to the taxability of a bequest to the State of Israel. The New York attorney for Israel handled some portion of this issue with the Succession Tax Department which finally resulted in the payment in full of all succession CT Page 7268 taxes with no deductions for the beneficiary, state of Israel. In spite of the time spent by the New York attorney, the estate attorney was required to spend time on researching that issue and arriving at a determination whether there would be an exemption to the estate. Another attorney of Attorney Gans' firm handled the state succession tax return since she was an expert in such matters, however, her bill was included in the bill of Attorney Gans.
The "Connecticut Probate Practice Book" in Chapter IV provides in II "General Rule-Attorneys" that the guidelines enumerated therein are the same as those set out in the Connecticut Practice Book in Rule 1.5 and enumerated as follows:
 (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly, (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the result obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent."
It adds further that where an attorney acts as a fiduciary and as legal counsel, the total fee should not exceed what is reasonable for the fiduciary services plus legal fees within the guidelines of the Rules hereinbefore stated. The rule stated in general terms to be used in determining the fairness and reasonableness of compensation for a lawyer is: "In the absence of an express contract of employment between an attorney and his client fixing the amount of the attorney's compensation, it is generally held that the attorney is entitled to what his services are reasonably worth or what has usually been paid to others for similar services. The determination of this depends largely upon the circumstances of the particular case. Among other things to be considered are the importance and result of CT Page 7269 the case, the difficulties thereof, the degree of professional skill and ability required and exercised, the skill, experience and professional standing of the attorney and the prominence or character of the parties where it affects the importance of the litigation as well as the amount of values involved or recovered. 5 Am.Jur., Attorneys at Law 198, pp. 379, 380." Ballard v. Estate of Ballard, 13 Conn. Sup. 400, 407. "Courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described. Not only is expert testimony not required, but such evidence if offered is not binding on the court." Piantedosi v. Florida,186 Conn. 275, 279; Loda v. H.K. Sargeant Associates, Inc.,188 Conn. 69, 87. The Connecticut Supreme Court has enumerated the general factory which may properly be considered in determining the amount to be allowed as reasonable compensation to an attorney as has previously been stated in the "Connecticut Probate Practice Book" and the Connecticut Practice Book," Rule 1.5. O'Brien v. Seger, 183 Conn. 199. See Volume 1, Number 2, Spring 1986, Compensation in Probate (Berman, J.) "Connecticut Probate Law Journal."
In reviewing Attorney Gans' bill hereto appended the court finds the entry of 03/12/91, which lists 10 hours of preparation of itemized work to substantiate the legal fee is unwarranted. Time spent by the attorney on her bill to the estate including substantiating it is not chargeable to the estate but to the attorney and/or her firm. The entry of 05/31/91 regarding telephone calls to Esther Dolberg, sister of the deceased, charging 5 hours is also unwarranted since Dolberg was not an heir of the estate, and had no interest therein. The entry on 05/31/91 of 2 hours for "Basis for Legal Fees" is again a justification of the attorney's fees and an unwarranted charge. An adding machine type submitted by Attorney Gans shows 99.85 hours which is 7.45 hours less than the amount stated on the bill. The entries of 02/19/91 correspondence to Attorney Novack .20 hours; 03/01/91 follow up letter to Attorney Novack 3.00 hours; correspondence from Attorney Novack .20 hours dated 03/05/91; 03/11/91 telephone conference Attorney Novack .15 hour; 03/19/91 letter from Attorney Novack .15 hours; 03/27/91 correspondence to Attorney Novack .10 hours; 04/23/91 correspondence from Attorney Novack .20 hours; 04/27/91 correspondence to Attorney Novack .15 hours; 05/28/91 correspondence Attorney Novack .10 hours; correspondence to Attorney Novack 05/31/91 .15 hours; all of these are concerned with justifying her bill as attorney and should have been CT Page 7270 charged to her firm and not to the estate. Justification of her bill is not properly chargeable to the estate and should not have been included in the bill. Attorney Gans' charge of $200.00 per hour is found to be reasonable by this court based on her years as a lawyer, her past experience in handling probate matters and the usual charge by estate attorneys for this type of work. Her charge of 05/8/89 obtaining the declination of Attorney Trager named in the will to serve, .30 hours is a duplication of the same charge made in the fiduciary's bill and previously paid and is therefore disallowed. The time charged for balancing the check book twenty hours ever a period of twenty-two months at $200.00 per hour is excessive ill that it is too much time for the cash accounts involved in this estate which did not have any complex matters. In addition, the work could have been done by the office employees and did not require an attorney at the rate charged. Accordingly, the time consumed is cut in half and 10 hours is found reasonable for that performance. This court finds that a total of 39.70 hours charged should not be allowed. However, the time and labor required herein, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly, the amounts involved and the result obtained were comparatively normal procedures and could be easily and regularly handled. Also to be considered is the $9,500.00 received as administrator CTA. The remaining terms found in the appended bill are found to be fair and reasonable charges, except that a portion of the work could have been handled by the office employees, and did not require an attorney at $200.00 per hour. The fair charge for the attorney's fees is found to be $11,110.00, for an estate this size, and one without complex problems except for its charitable taxability exemption, on which the estate's attorney did work, but on which the residuary beneficiary's attorney expended the greater portion of the hours spent thereon.
LEVINE, J.
STATE TRIAL REFEREE