GUIDO PIANTEDOSI *v.* GIOVANNI FLORIDIA

PETERS, HEALEY, PARSKEY, ARMENTANO and WRIGHT, Js.

Argued December 9, 1981—decision released February 16, 1982

*Roy W. Moss,* with whom, on the brief, was *James G. Verrillo,* for the appellant (defendant).

*Robert R. Petrucelli,* for the appellee (plaintiff).

WRIGHT, J. This appeal arises from an action on a note against the defendant as maker. The principal issue before the trial court was whether the plaintiff had accelerated payment on the note. If the plaintiff had exercised his option to accelerate, the cause of action would have accrued at the time of the plaintiff's demand, and the plaintiff's present action would have been barred by the statute of limitations.

The defendant's claim of acceleration is based on a response to an interrogatory in which the plaintiff admitted that a demand for acceleration had been made. The trial court concluded that the interrogatory response was not a binding judicial admission and that no acceleration had occurred. From this ruling the defendant appeals. The defendant also claims error in the court's conclusion that the statute of limitations does not bar the action, a finding necessarily dependent on the absence of acceleration. Finally, the defendant claims that the court abused its discretion in awarding an attorney's fee of $1500 unsupported by facts on the record.

The sole function of this court on appeal is to determine whether the decision of the trial court is clearly erroneous. This determination requires the application of a twofold test: where a legal conclusion is challenged, the reviewing court must determine whether that conclusion is legally correct, logical, and supported by facts set forth in the memorandum of decision; where the facts underly-

ing the decision are challenged, the reviewing court must determine whether those facts are supported by the evidence and pleadings as a whole. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). See Practice Book § 3060D.

In the present appeal the legal conclusion that acceleration had not occurred is challenged. The memorandum of decision indicates that the trial court based its conclusion on the credibility of the testimony of the parties themselves and on the subordinate fact that the plaintiff knew that the defendant had no financial resources and thus must have known that any demand for acceleration would be futile. The plaintiff further testified, without contradiction, that the defendant had offered to make weekly payments, which offer is inconsistent with acceleration.

It is settled law that the credibility of witnesses is entirely a matter for the discretion of the trier of fact. *Healy* v. *White,* 173 Conn. 438, 444, 378 A.2d 540 (1977). The trial court alone can observe the witnesses and draw inferences from their demeanor. *Kukanskis* v. *Jasut,* 169 Conn. 29, 32–33, 362 A.2d 898 (1975). When, as here, the court's conclusion is logically supported by uncontroverted subordinate facts, we will not disturb that conclusion unless it is in violation of law. *DeLuca* v. *Blakeslee & Sons, Inc.,* 174 Conn. 535, 539, 391 A.2d 170 (1978).

The defendant's assertion of error is based on a claim that the trial court's conclusion is such a violation of law. This assertion derives from a misreading of common law, in particular our decision in *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 339, 11 A.2d 356 (1940). In that case, which also turned

on the evidentiary weight to be given to an answer to an interrogatory, we stated (pp. 339–40): "An answer filed by a party to an interrogatory has the same effect as a judicial admission made in a pleading or in open court. It relieves the opposing party of the necessity of proving the facts admitted . . . but it is not conclusive upon him and will not prevail over evidence offered at the trial." The defendant cites only the first portion of the latter sentence, ignoring the second part upon which we elaborated in *Hirsch* v. *Thrall*, 148 Conn. 202, 206–207, 169 A.2d 271 (1961). In *Hirsch* we held that a response to an interrogatory is not a judicial admission in the same sense as admissions in the pleadings or in open court.

These restrictions on the effect of an interrogatory response are consistent with General Statutes § 52-200, which states that a disclosure on oath shall not be deemed conclusive but may be contradicted like any other testimony.[1]

The trial court acted within its discretion in finding, despite the interrogatory response, that the plaintiff had not accelerated the note. Accordingly, the claim that the action is barred by the statute of limitations is also without merit. This action did not accrue until the note reached maturity.

We next consider the reasonableness of the court-awarded attorney's fee in the light of the defendant's claim of error. The defendant asserts that the court's discretion in the award of fees must

---

[1] "[General Statutes] Sec. 52-200. DISCLOSURE NOT CONCLUSIVE. When either party in any action has obtained from the other party a disclosure on oath, respecting the matters alleged in any pleading, the disclosure shall not be deemed conclusive, but may be contradicted like any other testimony."

be based on factual evidence in the transcript, such as expert witness testimony. This is not an accurate reflection of Connecticut law. As we stated in *Hoenig* v. *Lubetkin,* 137 Conn. 516, 524-25, 79 A.2d 278 (1951), "[n]o one can state the reasonable value of legal services as a fact. . . . The value is based upon many considerations." In that case we upheld the trial court's exercise of its fee-awarding discretion, finding that the court had been "advised in detail of the time consumed in and of the efforts devoted to the preparation of the case; and it was, of course, aware of the activities of counsel during the course of the actual trial." Similar factors were evidently taken into account in this case, as the transcript reveals a finding that some twenty-five hours, at $60 per hour, had been expended on the case before trial. This finding is supported by the plaintiff's assertion that the file before the court contained numerous time-consuming pleadings.

We have repeatedly held that "courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described." Not only is expert testimony not required, but such evidence, if offered, is not binding on the court. *Taft* v. *Valley Oil Co.,* 126 Conn. 154, 161, 9 A.2d 822 (1939); *Carangelo* v. *Nutmeg Farms, Inc.,* 115 Conn. 457, 463, 162 A. 4 (1933); *Gruskay* v. *Simenauskas,* 107 Conn. 380, 387, 140 A. 724 (1928). Also see our recent decision in *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 440 A.2d 306 (1982).

Further evidence of the reasonableness of the court's exercise of discretion may be found in General Statutes § 42-150aa, codifying Public Acts 1979, No. 79-452. This recently enacted statute, not yet

developed through case law, limits attorney's fees in consumer contract actions to 15 percent of the amount of judgment. The statute reflects a legislative standard of reasonableness which the present award does not exceed.[2]

There is no error.

In this opinion the other judges concurred.

---

[2] The attorney's fee of $1500 was awarded on a judgment of $11,444.76.