**COLONIAL PLUMBING &
HEATING SUPPLY CO.**

v.

**CONTEMPORARY CONSTRUCTION
CO., INC. and Robert W.
Leonard, Jr.**

No. 81–94–Appeal.

Supreme Court of Rhode Island.

Aug. 23, 1983.

Felix A. Appolonia, West Warwick, for plaintiff.

Thomas H. Quinn, Jr., Providence, for defendants.

OPINION

SHEA, Justice.

The defendant appeals an award of an attorney's fee in a Superior Court action on a promissory note. We sustain the appeal and vacate the award of the attorney's fee.

On October 19, 1976, defendant, Contemporary Construction Co., Inc., signed a promissory note in favor of plaintiff in the face amount of $9,981.73. The note bore interest at the rate of 10.5 percent per annum. It provided also, in part:

"If this note shall be placed in the hands of any attorney for collection, through legal procedures or otherwise, the undersigned will pay to the holder thereof a reasonable attorney's fee together with the costs and expenses of collection within the limits permitted by law."

The note also contained the personal guaranty of defendant, Robert W. Leonard, Jr. (Leonard).[1]

The matter was tried before a Superior Court justice sitting without a jury. The note was introduced into evidence, as was a copy of plaintiff's ledger sheet reflecting payments on the note. At the conclusion of the evidence, the trial justice determined that this note was a demand note given in satisfaction for an account payable with interest at the rate of 10.5 percent. The trial justice also found that Leonard, who had personally guaranteed the note, was absolutely liable on it. After rendering a decision that the principal sum due on the note was $8,921.94 and computing interest due at that time in the amount of $3,123.68 plus costs, the trial justice then awarded an attorney's fee in the amount of $3,071.08. The trial justice stated:

"The Court computes the reasonable attorney's fee on the basis of charges usually charged by Counsel involving proceedings in this Court involving collection matters wherein the fee is one-third of the first $500 and 25 percent of the sum in excess of $500. In making that computation, the Court determines $3,071.08 is a reasonable attorney's fee."

The defendant contends that the trial justice erred in awarding an attorney's fee on a record devoid of any evidence to sup-port the fee request. Apparently conceding that the record is silent in this matter, plaintiff nevertheless argues that the award should stand. He asserts that the trial justice's expertise both as a lawyer and as a judge enables him to take judicial notice of the difficulty plaintiff and plaintiff's counsel encountered in obtaining the judgment below. He therefore suggests that the trial justice properly acted upon his personal knowledge of charges generally made by other attorneys in this kind of case. The plaintiff also contends that since the fee award comports with the Rhode Island Bar Association minimum-fee schedule (revised 1969), it should be allowed. We disagree.

■ The plaintiff's argument based on a minimum-fee schedule is inappropriate in light of the United States Supreme Court's decision in *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975). In that case the court invalidated the minimum-fee schedule published by the Fairfax County, Virginia, Bar Association on the ground that it violated the Sherman Act. We therefore could not uphold an attorney's fee based on this impermissible guideline.

■ We also reject the argument that the trial justice, because of his expertise as a lawyer and a judge, could take judicial notice of regularly accepted methods of computing legal fees in commercial collection matters. Basically, a court may take judicial notice of two categories of facts. One category consists of facts generally known with certainty by all reasonably intelligent people in the community, and the other consists of facts capable of accurate and ready determination by resort to sources of indisputable accuracy. *McCormick's Handbook of the Law of Evidence* § 329–30 (2d ed. Cleary 1972.) Because a trial justice's knowledge of an accepted method of fee computation arises from his

---

1. Prior to trial, plaintiff's motion to sever the case of *Colonial Plumbing & Heating Supply Co. v. Robert W. Leonard, Jr.,* from the case of *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., Inc.* was granted, and the case proceeded to trial against Leonard alone.

expertise both as a lawyer and as a judge, these particular facts would by definition be eliminated from either category of which a court should take judicial notice.

This court has had occasion to consider what constitutes a proper fee for an attorney's services. In *Palumbo v. United States Rubber Co.,* 102 R.I. 220, 229 A.2d 620 (1967), this court stated that an attorney's fee should be "consistent with the services rendered, that is to say, which is fair and reasonable." The court held that

"[w]hat is fair and reasonable depends, of course, on the facts and circumstances of each case. * * * We consider the amount in issue, the questions of law involved and whether they are unique or novel, the hours worked and the diligence displayed, the result obtained, and the experience, standing and ability of the attorney who rendered the services. * * * Each of these factors is important but no one is controlling." *Id.* at 223–24, 229 A.2d at 622–23.

Subsequently, the court adopted Supreme Court Rule 47, the Code of Professional Responsibility, and Disciplinary Rule 2–106 —Fees for Legal Services—which provides:

"DR 2–106. Fees for Legal Services.— (A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

"(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

"(C) A lawyer shall not enter into an agreement for, charge, or collect a contingent fee for representing a defendant in a criminal case."

■ Applying these guidelines to this case, the trial justice below considered only one of the criteria when fixing the award, that being the fee customarily charged in the locality. We believe this was error. He should have considered each of the factors discussed in the *Palumbo* decision and later embodied in the disciplinary rule.

■ It remains for us, however, to determine whether a trial justice should determine a reasonable fee without the aid of expert testimony or whether specific evidence is required to decide the issue.

Recently, in *Piantedosi v. Florida,* 186 Conn. 275, 440 A.2d 977 (1982), the Supreme Court of Connecticut adopted what appears to be the minority view on this issue. It stated:

"We have repeatedly held that 'courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described.' Not only is expert testimony not required, but such evidence, if offered, is not binding on the court." [Citations omitted.] *Id.* at 279, 440 A.2d at 980.

Despite this broad standard, Connecticut nevertheless requires that the trial court be advised in detail of the time consumed in and efforts devoted to the preparation of the case, and the activities of counsel during the course of the actual trial. *Piantedosi v. Florida,* 186 Conn. at 279, 440 A.2d at 979–80; *Hoenig v. Lubetkin,* 137 Conn. 516,

524–25, 79 A.2d 278, 282 (1951). The record in this case would not support an award under *Piantedosi*.

We believe the better rule is the so-called majority rule that has been adopted by the State of Vermont. That court held that when a trial court is

> "[i]nvolved in an original evaluation of the worth of the legal services rendered, rather than reviewing for reasonableness a particular fee already reduced to a precise figure, [the court] had a need for precise factual information. The court needed data, not in this case to test the value placed on the services by the attorneys, but to arrive at that very value as an original matter." *Young v. Northern Terminals, Inc.,* 130 Vt. 258, 261, 290 A.2d 186, 189 (1972).

The Vermont court reasoned that the factual issue of what is a reasonable fee requires particular facts upon which the trial court can base a decision.

▮▮▮ We conclude that affidavits or testimony establishing the criteria on which a fee award is to be based should be required. These will assist a trial justice in determining what a reasonable fee would be in a given case. It will also create a record for this court to review in those cases where an appeal is taken. Furthermore, our holding today in no way places an undue burden on parties attempting to prove this facet of damages. It is well settled that attorneys "are competent to testify as experts in determining what is a reasonable charge for legal services rendered." *Cottrell Employees Credit Union v. Pavelski,* 106 R.I. 29, 35, 255 A.2d 162, 165 (1969). Expert testimony of that kind in the form of an affidavit has been found to be adequate. *Stewart v. Industrial National Bank,* R.I., 458 A.2d 675 (1983).

For these reasons, the defendant's appeal is sustained, the judgment below is affirmed in part, that portion of the judgment awarding a counsel fee in the amount of $3,071.08 is vacated, and the case is remanded to the Superior Court for hearing on the issue of a reasonable counsel fee consistent with this opinion and for entry of judgment thereafter in Superior Court.