[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The defendant has filed a motion for articulation of my memorandum in which I found for the defendant both on the complaint and on his counterclaim. He asserts that in his counterclaim he sought attorney's fees and costs but the memorandum makes no mention of either. The plaintiff has objected to the motion asserting that the only purpose of such a motion is to clarify issues for an appeal. I am not impressed by the aptness of the objection. In any event, the substance of the motion for articulation is that I reopen the judgment and reconsider the question of attorney's fees and costs.
The counterclaim, on which the defendant prevailed, is based on breach of a listing agreement concerning the sale of real estate. That agreement does provide, in paragraph 7, for payment of costs and expenses, including attorney's fees, in the event that the defendant does perform and the plaintiffs fail to pay his commission. In the cross-complaint, there is no allegation that the defendant incurred expenses in pursuing this action. In his prayer for relief, there is no claim made for attorney's fees. My notes on the trial do not indicate that any mention was made of attorney's fees. I was given no information as to what the attorney had done, as was done in Piantedosi v. Floridia,186 Conn. 275 and Appliances, Inc. v. Yost, 186 Conn. 673. I was furnished no basis upon which I could separate what services were applicable to the defense against the complaint and what was applicable to the prosecution of the counterclaim. No mention was made in the memorandum of costs, but as the prevailing party, the defendant as of right may tax costs before the clerk. Therefore I decline to reopen the judgment.
J. HEALEY, STATE TRIAL REFEREE