DECISION ON ATTORNEYS' FEES AND COSTS
Before the Court is plaintiffs', Women's Development Corp. and Women's Opportunity Realty Corp. (collectively called "WDC"), objection to defendant's City of Central Falls ("City") submission of an accounting for its attorneys' fees, costs, and expenses for sums incurred as a result of WDC's attempts to have a supersedeas bond waived and for sums incurred as a result of the City's filing a receivership action against WDC. Jurisdiction is pursuant to G.L. 1956 § 9-29-21 and R.I. Super. R. Civ. P. 11.
 Facts/Travel
On or about July 17, 1998, this Court heard WDC's motion pursuant to Super. R. Civ. P. 62 (d), requesting an order staying the execution of the judgment in this matter. Additionally, WDC sought a waiver of the supersedeas bond requirement or, alternatively, requested permission to post real estate as collateral. The WDC argued, inter alia, that it was "impossible for plaintiffs to procure a supersedeas bond." See Supplemental Memorandum In Support of Plaintiffs' Motion for Stay of Execution Pending Appeal and Request for Waiver of Supersedeas Bond Requirement Pursuant to Super. R. Civ. P. Rule 62 (d) and R.I.G.L. Section 9-25-4 at 1. On or about July 23, 1998, this Court denied WDC's motion and request. See Order dated July 23, 1998, Gibney, J.
On or about July 23, 1998, the City petitioned the Court for receivership. A justice of the Superior Court issued a temporary restraining order that stated WDC was "restrained and enjoined from making payments or transferring assets in any manner except in the normal course of business to meet immediate and necessary operating expenses." See Order dated July 24, 1998, Silverstein, J. A hearing was scheduled for August 19, 1998. On or about August 18, 1998, WDC obtained a supersedeas bond in the amount of $143,736.00. See defendant's Motion and Objection, Ex. C.
On September 18, 1998, the City requested that, pursuant to G.L. 1956 § 9-29-21 and Super. R. Civ. P. 11, this Court award costs, including reasonable attorney's fees, for sums incurred as a result of WDCs' attempts to have a supersedeas bond waived and for sums incurred as a result of the City's filing a receivership action against WDC. The Court determined, that based upon representations made by WDC and the City, fees and expenses of the City were warranted and justified. See Decision dated November 16, 1998, Gibney, J. Counsel for the City submitted an accounting, by way of affidavits and time records, for its costs, expenses, and attorneys' fees. The WDC objects to the submission of the City's accounting.
 Reasonableness of Attorneys' Fees, Costs, and Expenses
The WDC objects to the City's accounting of its costs, expenses, and attorneys' fees as being unreasonable on the following grounds: multiple tasks of the City's attorneys are lumped together in one time entry; the expenses of the Certified Fraud Examiner ("CFE") are unsupported and multiple tasks are lumped together in one time entry; and the time spent by the City on the Supplemental Proceeding should not be used in its accounting. The WDC argues that the fees and expenses of the City's attorneys such as telephone calls, conferences, research, and drafting, are lumped together making it impossible for this Court to conduct a reasonableness analysis. Additionally, WDC asserts that the CFE has also lumped together various tasks he performed in this matter making it impossible to determine whether or not his fee was reasonable. Lastly, WDC contends that the City instituted two collection proceedings, a Receivership Petition and a Supplemental Proceeding. The WDC asserts that the foregoing are inconsistent remedies, and WDC should not be assessed with the legal fees associated with the Supplemental Proceeding. Nonetheless, WDC argues that both the fees for the Receivership Petition and the Supplemental Proceeding are lumped together making it impossible to determine the appropriate reduction.
The City argues that WDC is once again challenging the Court's award of sanctions in this matter. The City contends that the conduct of WDC during this litigation has needlessly increased the time and the costs of the case, and is the direct causal relation as to why the fees, costs, and expenses are high. Furthermore, the City asserts that although the amount of time expended by an attorney does not necessarily equate with reasonableness, the rule is not applicable to an award of sanctions. Additionally, the City maintains that WDC should be responsible for the fees, costs, and expenses associated with the Supplemental Proceeding as WDC lied under oath regarding its financial situation and ultimately posted a bond.
If a party is awarded attorney's fees pursuant to G.L. 1956 § 9-29-21 and Super. R. Civ. P. 11, the attorney's fees must be reasonable. The factors that this Court must consider in determining whether a fee is reasonable are as follows:
 1. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 2. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 3. the fee customarily charged in the locality for similar legal services;
 4. the amount involved and the results obtained;
 5. the time limitations imposed by the client or by the circumstances;
 6. the nature and length of the professional relationship with the client;
 7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 8. whether the fee is fixed or contingent.
Rule 1.5 of the Rhode Island Rules of Professional Conduct. As there is no precise measure of reasonableness, the weight given to each factor depends upon the circumstances of the particular case before the Court. Keough v. Scotti, C.A. No. 90-5805, 1995 WL 941431, at *1 (R.I. Super. May 5, 1995) (citing McCabe v.Arcidy, 635 A.2d 446, 452 (N.H. 1993)). Attorneys are "competent to testify as experts in determining what is a reasonable charge for legal services rendered." Colonial Plumbing Heating SupplyCo. v. Contemporary Constr. Co., Inc., 464 A.2d 741, 74 (R.I. 1983). The burden is on the attorney requesting fees to provide sufficient evidence of his services upon which the value may be determined, including evidence as to the hours spent and the rate charged. Keough, 1995 WL 941431, at *1 (citing Fischer v.Longest, 637 A.2d 517, 525 (Md. App. 1994)).
The WDC's chief argument is that the lumping together of multiple tasks makes it impossible for this Court to determine whether the time expended by the City's attorneys was reasonable. An affidavit in support of an award of attorneys' fees must have documentation that is "sufficient to satisfy the court, or indeed a client, that the hours expended were actual, nonduplicative and reasonable, . . . and to apprise the court of the nature of the activity and the claim on which the hours were spent." In theMatter of Schiff, 684 A.2d 1126, 1131 (R.I. 1996). The extensive lumping of tasks can make the process of reviewing the reasonableness of time devoted to a particular task difficult for the Court. See In re Swansea Consol. Resources, Inc., 155 B.R. 28, 32-33 (D.R.I. 1993).
Attorney Time Records
The WDC asserts that certain entries in the City's attorneys' time records should be eliminated due to the lumping of multiple tasks and duplication. Specifically, the entries for March 30 and 31, 1998 evidence duplicative billing for the attorneys. Additionally, the entries from March 27, 1998 until April 13, 1998 do not provide enough information to determine the reasonableness of time spent by the City's attorneys in preparing an opposition to WDC's Motion to Stay Execution. Lastly, WDC argues that the entries for July 16, 17, 20, 21, and 22, 1998 indicate 17.4 hours was spent in preparation of the receivership action.
The Court has reviewed the foregoing entries and agrees with WDC regarding the lumping and duplication of tasks in the cited time entries, but finds that the City's attorneys did not spend an inordinate time in preparation of the receivership action. "[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."Tennessee Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994). Accordingly, this Court reduces the City's attorneys' fees by $713.25.
Expenses of the Certified Fraud Examiner
The WDC asserts that certain entries in the time records of the CFE should be eliminated due to the lumping of multiple tasks. The June 4, 1998 entry makes it impossible to determine whether the fee for the various tasks on that day is reasonable. The June 10, 1998 entry fails to detail the task which took the CFE five hours. The CFE has five entries between June 4, 1998 and June 22, 1998 relating to document review. The five time entries total 26.5 hours, but there is no indication as to what amount of time is allocated to document review. Furthermore, WDC contends that the month of June indicates 12 hours for testimony preparation, the month of July indicates 13.5 hours for testimony preparation, and a fee of $100.00 for a graphic was posted as a case expense in June. Additionally, the CFE has an entry on July 28, 1998 for a meeting with the City's attorney. The time records of the City's attorneys fails to show a corresponding time entry.
In the month of August, the CFE has two time entries on the 3d and 4th, totaling 13 hours at Rhode Island Housing, without any description of the task performed. On August 19, 1998, the CFE billed $85.00 to retrieve a graphic and an additional $132.00 for the cost of the graphic which was never presented in a proceeding or in affidavit. The time entries on August 25 and 26, 1998 bill 5 hours regarding composing one letter. The time entry on August 28, 1998 bills 6 hours for composing with no specific task delineated.
The Court has reviewed the foregoing entries and agrees with WDC regarding the lumping of the above-mentioned multiple tasks. The extensive lumping of tasks makes it impossible for this Court to determine the reasonableness of time. However, this Court finds that the time the CFE spent on testimony preparation was reasonable. Accordingly, this Court reduces the CFE's fees by $1,572.08.
Time on Supplemental Proceeding
This Court awarded costs and attorneys' fees as a result of WDC's attempts to have a supersedeas bond waived and for sums incurred as a result of the City filing a receivership action against WDC. See Order dated January 19, 1999, Gibney, J. Any argument or assertion by WDC that it should not be assessed with legal fees for the Supplemental Proceeding is without merit and is denied.
Pursuant to G.L. 1956 § 9-29-21 and Super. R. Civ. P. 11, the following attorneys' fees and costs are allowable:
 Attorneys' Fees $31,851.75 CFE Expenses $11,129.72 Costs $ 1,759.20
Total Fees and Costs $44,740.67
 Counsel shall submit an appropriate order for entry.