[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 109)
In the present case the plaintiff, Mario Mallozzi, Jr., brings an action against the defendant, Nationwide Mutual Insurance Company, seeking a declaratory judgment that the plaintiff is covered under an insurance policy issued by the defendant. Before the court is the defendant's motion for summary judgment.
The genesis of the current action is an automobile accident that occurred on May 20, 1997, in which the plaintiff was driving a truck with passengers. The plaintiff is seeking coverage under the, policy of Floria Mallozzi, his mother. The policy covers both Elena Mallozzi's husband, as a spouse, and the plaintiff, as a member of Elena Mallozzi's household. CT Page 1641 The parties do not dispute that the vehicle involved in the accident is not a scheduled vehicle on the policy.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000).
The defendant argues that the plaintiff is not covered by Floria Mallozzi's policy because, at the time of the accident, he was driving a vehicle owned by an employer of one of the insured named in the policy. The defendant further argues that because of this fact, there is no coverage and the defendant is entitled to judgment as a matter of law. In response, the plaintiff argues that there is a genuine issue of material fact regarding who owns the vehicle. The plaintiff further argues that if the owner of the vehicle is Mallozzi Builders, Inc., that corporation is not the employer of the plaintiff, and therefore, under the terms of the policy, the plaintiff is entitled to coverage.
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy . . . . Unlike certain other contracts, however, where absent statutory warranty or definitive contract language the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance present a question of law for the court . . . ." (Internal quotation marks omitted.) Vitti v. AllstateInsurance Company, 245 Conn. 169, 174, 713 A.2d 1269 (1998).
The key provision of the automobile insurance contract is found on page L2, which provides for extension of coverage when an insured is driving a vehicle other than those vehicles scheduled (listed) in the policy. Coverage extends to all insured persons (the policy holder, Floria Mallozzi, the spouse, Mario Mallozzi, Sr., and a relative member of the household, the plaintiff) who are driving a vehicle owned by a non-member of the household when the driver of the vehicle does not own the car. The policy further provides, however, that this extension of coverage does not apply when the vehicle is owned by an employer of an insured. CT Page 1642
The plaintiff argues that the intent of the policy was to exclude vehicles owned by the driver's employer, not the employer of any of the insured. The defendant argues, to the contrary, that the unambiguous language of the policy states that vehicles owned by the employer of an insured (any insured) are not covered.
The insurance policy states: "This coverage also applies to certain other motor vehicles as follows . . . 3. A motor vehicle owned by a non-member your household . . . . a) This applies only to policies issued to individuals . . . and while the vehicle is being used by you or a relative. It protects the user . . . except as noted below in b), who does not own the vehicle . . . . b) This does not apply to losses involving a motor vehicle . . . (2) owned, rented or leased by an employer of an insured." (Emphasis added.) (Defendant's Memorandum, Automobile Insurance Policy, p. L2.) By the unambiguous language of the contract, the exception applies to vehicles owned by the employer of any of the insured. Further, the use of the words "the user" in describing who is protected supports the position that if the defendant intended to exclude only those vehicles owned by the employer of the person driving the vehicle (the user), and not any of the insured, the policy could have so stated.
There are two issues of fact that remain unresolved in the present case. The first is the identity of the owner of the vehicle. The plaintiff submitted evidence that Mallozzi Builders, Inc. owns the vehicle. The defendant, however, submitted evidence that Mario Mallozzi, Sr. may own the vehicle. Although this is an issue of fact, it is not material. The parties agree that if Mario Mallozzi, Sr. owns the vehicle, there is no coverage. As stated above, if Mallozzi Builders, Inc. owns the vehicle and is the employer of any of the insured, there would be no coverage. The genuine issue of material fact, therefore, is whether Mallozzi Builders, Inc. is the employer of any of the insured.
The only evidence presented to the court on this issue is the plaintiff's answer to the defendant's interrogatory regarding Mario Mallozzi Sr.'s employer. (Defendant's Memorandum, Exhibit B.) In his answer the plaintiff responded that Mario Mallozzi, Sr. is employed by Mallozzi Builders Inc. If this is true, there would be no coverage under the policy. Nonetheless, "[a]n answer filed by a party to an interrogatory has the same effect as a judicial admission . . . but it is not conclusive upon him and will not prevail over the evidence offered at the trial." (Internal quotation marks omitted.) Piantedosi v. Florida,186 Conn. 275, 278, 440 A.2d 977 (1982). Therefore, there remains an issue of material fact as to which of the insured, if any, is employed by Mallozzi Builders, Inc. CT Page 1643
Based on the foregoing, the defendant's motion for summary judgment is denied.
HAUSER, J.