DECISION ON MOTION FOR RECONSIDERATION OF ATTORNEY'S FEES AND ORDER
Before this Court is the motion of Plaintiff Gooding Realty Corporation (GRC) to reconsider this Court's December 17, 2001 Decision, which awarded attorney's fees in favor of Defendant Bristol Bay CVS, Inc. (CVS) in the amount of $54,330.36. By this motion, GRC seeks to introduce affidavits challenging the reasonableness of the fees and costs submitted by CVS. CVS objects, arguing that there is no rule of civil procedure that provides for such reconsideration and that GRC was already given an opportunity to present evidence but impermissibly waited over a month to submit affidavits regarding the reasonable rate of attorney's fees.
Briefly, this case is before this Court following a limited remand from the Supreme Court, during the pendency of an appeal, in order for this Court to rule on certain post-trial motions. On November 1, 2000, this Court held a hearing on the issue of attorney's fees. At that time, GRC made a motion to present expert testimony regarding the reasonable rate of attorney's fees. Then, the parties submitted memoranda. In its memorandum, GRC again requested to present expert testimony regarding the reasonableness of CVS's requested fees. CVS attached affidavits to its memorandum supporting its claim of reasonable attorney's fees. Based upon those affidavits, this Court rendered an award of attorney's fees in favor of CVS. However, this Court never ruled on GRC's motion.
At the outset, with respect to GRC's motion to reconsider, CVS argues that there is no rule of civil procedure that allows for such review. The Rhode Island Rules of Civil Procedure, like the Federal Rules of Civil Procedure, generally do not recognize or provide for a Motion for Reconsideration. See generally, Hatfield v. Bd. of Cty. Com'rs for Converse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). However, our Supreme Court, in noting its governance by the "liberal rules" of civil procedure, has "look[ed] to substance not labels." Sarni v. Melocarro, 113 R.I. 630, 636, 324 A.2d 648, 651-2 (1974). Consequently, "[a] motion can be construed as made under Rule 60(b) even if it is styled `Motion to Reconsider. . . .'" James Wm. Moore et. al., Moore's Federal Practice 1997 Rules Pamphlet ¶ 60.2 [9] (1996). Therefore, GRC's motion can be construed as a motion to vacate under Rule 60(b).
A motion for relief from a judgment under Rule 60(b) of Superior Court Rules of Civil Procedure "is addressed to the trial justice's sound judicial discretion and his [or her] ruling will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law." See Casa DiMario, Inc. v. Richardson, 763 A.2d 607 (R.I. 2000), Iddings v. McBurney, 657 A.2d 550, 553 (R.I. 1995). Rule 60(b)(1) permits relief from the operation of a judgment due to mistake, inadvertence, surprise, or excusable neglect. See Jackson v. Medical Coaches, 734 A.2d 502 (R.I. 1999). Rule 60(b)(6) "vest[s] the Superior Court with broad power to vacate judgments whenever that action is appropriate to accomplish justice but that the circumstances must be extraordinary to justify relief." Bendix Corp. v. Norberg, 122 R.I. 155, 404 A.2d 505, 506 (1979) (internal citations omitted). Therefore, the inadvertence, surprise, or excusable neglect elements of Super. R. Civ. P. 60(b)(1) apply in this case, as does the interest of justice element of Super. R. Civ. P. 60(b)(6). See, generally, Allen v. Skelding, 634 A.2d 859 (R.I. 1993) (holding that a denial of a motion to reopen was an abuse of discretion), and Fatone supra.
It is clear that affidavits or testimony establishing the criteria on which a fee award is to be based should be required. See Stolgitis v. State, 678 A.2d 1248, 1249 (R.I. 1996), and St. Jean Place Condominium v. Decelles, 656 A.2d 628 (R.I. 1995) (both citing Colonial Plumbing 
Heating Supply Co. v. Contemporary Const. Co., Inc., 464 A.2d 741 (R.I. 1983)). In Colonial Plumbing, the Rhode Island Supreme Court stated that affidavits and testimony:
 "will assist a trial justice in determining what a reasonable fee would be in a given case. It will also create a record for this court to review in those cases where an appeal is taken. Furthermore, our holding today in no way places an undue burden on parties attempting to prove this facet of damages. It is well settled that attorneys are competent to testify as experts in determining what is a reasonable charge for legal services rendered. Expert testimony of that kind in the form of an affidavit has been found to be adequate." (Emphasis added). Colonial Plumbing, 464 A.2d at 744 (internal citations omitted).
This Court possesses the discretion to admit or reject evidence proffered in support of a motion to assess attorney's fees. See id. Mindful of the time constraints imposed by the pending Supreme Court review and satisfied that affidavits will assist the Court in determining the reasonableness of the subject fees, GRC's motion to take testimony is denied.
CVS further argues that GRC should not be allowed to belatedly introduce such affidavit evidence. However, because GRC's motion to introduce testimonial evidence was pending at the time of this Court's Decision, GRC was prevented from adequately protecting the record for review. In the December 17th Decision, this Court granted attorney's fees prior to ruling on GRC's motion to present expert testimony, thus considering neither expert testimony nor affidavits in support of GRC's objection to the reasonableness of CVS's claim for attorney's fees.
Because this Court never ruled on GRC's motion to accept testimony to establish a reasonable rate of attorney's fees, GRC was never informed that affidavits were the only form of evidence that this Court would accept. Therefore, the delay in the introduction of the affidavits was not attributable to GRC, and GRC was never afforded an opportunity to preserve the record. The Rhode Island Supreme Court has previously stated "that fairness requires that defendant be given an opportunity to present an opposing affidavit, if he [or she] sees fit to do so, to aid this court in deciding the question of the amount of the attorney's fee which we should award to plaintiff." Washington Trust Co. v. Fatone,106 R.I. 168, 178, 256 A.2d 490, 496 (1969).
For the above reasons and in the interest of fairness, this Court grants GRC's Motion to Reconsider, which it will treat it as a motion to vacate judgment. Moreover, this Court hereby stays the entry of the December 17, 2001 judgment, forthwith, and will reopen the record to consider the affidavits submitted by GRC. This Court will further allow CVS two (2) weeks to introduce additional affidavits in order to support its claims for attorney's fees before this Court reconsiders this matter with an expanded record.
Counsel shall submit an appropriate order for entry, specifying the last day for the submission of evidence by the parties, forthwith.