[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court for decision is a motion filed by Plaintiff Keystone Elevator Company, Inc. (Plaintiff) for attorney's fees incurred for an appeal of a decision of this Court (No. P.M. 00-767). The Plaintiff moves this Court to award attorney's fees in the amount of $13,755.00 pursuant to the mechanic's lien statute for successfully defending their case on appeal. The Defendants, Johnson Wales University and Agostini Construction Company, Inc. (Defendants), oppose this motion, arguing that Plaintiff is not entitled to attorney's fees because Plaintiff was not the prevailing party and Plaintiff unreasonably rejected a settlement offer. Defendants also argue that they should not be penalized for seeking appellate review of a matter of "first impression." Jurisdiction is pursuant to G.L. 1956 § 34-28-19.
On January 17, 2002, this Court found in favor of Plaintiff under the mechanic's lien statute, concluding Plaintiff was entitled to $33,455 for overtime work and two change orders, less a setoff of $13,750 and an $8,000 credit for a previous payment. Thus, Plaintiff prevailed. This Court also awarded Plaintiff attorney's fees under § 34-28-19. Defendants filed a motion for reconsideration of the attorney's fees, which this Court treated as a motion to vacate under Rule 60(b) and subsequently denied, and filed its written decision on April 12, 2002. Defendants appealed from the Superior Court's award of $12,383 in attorney's fees to Plaintiff, but Defendants did not challenge the underlying award of $11,705.
On appeal to the Supreme Court, Defendants raised four issues: whether Plaintiff's request for attorney's fees was procedurally sufficient; whether Plaintiff qualified under the statute as a "prevailing party" for purposes of attorney's fees; whether the fees were excessive in light of the final award; and whether the mechanic's lien statute requires the filing of a notice of lis pendens when no litigation is pending affecting title to real property. The Supreme Court resolved all issues in favor of the Plaintiff, and upheld the award of attorney's fees.
Plaintiff now moves for attorney's fees under the mechanic's lien statute in the amount of $13,755 for successfully defending the appeal. Defendants oppose this motion on three grounds: first, that Plaintiff was only "marginally successful"; second, that Plaintiff "forced trial by refusing to consider a reasonable settlement"; and third, that Defendants "should not be punished . . . for seeking appellate review" of a matter of "first impression." As part of Plaintiff's motion, Plaintiff attached an affidavit from a local Rhode Island attorney, in support of Plaintiff's itemized list of requested fees.
It is well-settled that "attorney's fees may not be awarded absent contractual or statutory authorization." Farrell v. Garden CityBuilders, Inc., 477 A.2d 81, 82 (R.I. 1984) (citing Bibeault v. HanoverInsurance Co., 417 A.2d 313, 319 (R.I. 1980)). A statutory grant of attorney's fees is an exercise of the Legislature's discretion. SeeBibeault, 417 a.2d at 319. The provision for attorney's fees in the mechanic's lien statute represents such an exercise. Section 34-28-17
provides that:
 "The costs of the proceedings shall in every instance be within the discretion of the court as between any of the parties. Costs shall include legal interest, costs of advertising, and all other reasonable expenses of proceeding with the enforcement of the action. The court, in its discretion, may also allow for the award of attorneys' fees to the prevailing party."
G.L. 1956 § 34-28-19 (emphasis added).
An award of attorney's fees pursuant to § 34-28-19 is within the discretion of the trial judge. See Keystone Elevator Company, Inc. v.Johnson Wales University et al., 850 A.2d 912, 921 (R.I. 2004). A trial judge determines whether a fee is reasonable by considering factors enumerated in Rule 1.5 of the Rhode Island Supreme Court Rules of Professional Conduct. See Colonia Plumbing Heating Supply Co. v.Contemporary Construction Co., 464 A.2d 741, 743 (R.I. 1983). These factors include:
 "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent."
"[T]he determination of whether an attorney's fee is reasonable requires particular facts in the form of affidavits or testimony upon which the trial court may premise a decision." St. Jean Place Condominium v.Decelles, 656 A.2d 628 (R.I. 1995) (citing Colonial Plumbing HeatingSupply Co. v. Contemporary Construction Co., 464 A.2d 741 (R.I. 1983)). The amount awarded for attorney's fees is within the sound discretion of the trial judge in light of the circumstances of each case. Schroff,Inc. v. Taylor-Peterson, 732 A.2d 719 (R.I. 1999).
Only the "prevailing party," however, can recover attorney's fees under § 34-28-19. In the matter of Keystone Elevator, the Rhode Island Supreme Court deferred the determination of the prevailing party in a mechanic's lien action to the trial justice's discretion. Keystone Elevator,
850 A.2d at 921. The Court stated that "[c]learly a trial justice is in the best position to assess the merit of each party's claims or defenses, and to determine which party fairly may be said to have prevailed on the significant issues." Id. at 919. The Supreme Court specifically rejected Defendants' contention "that winning or losing, in the context of a mechanics' lien action, always is susceptible to mathematical precision." Id.
In its current opposition to the motion for attorney's fees, Defendants contend that Plaintiff was "only marginally successful recovering approximately 25% of its claim." The Supreme Court specifically denied this contention in Keystone Elevator, stating that Plaintiff was awarded $33,455 of their claim for $45,089, which was reduced to $11,705 after deducting a setoff and payment credit. See id. at 919-20. The Court stated that "[Defendants'] successful argument for a setoff on the amount owed to [Plaintiff] is not enough to invest it with prevailing party status," and that "determining the prevailing party entails more than a mere mathematical calculation." Id. at 920. Additionally, the Supreme Court noted that the trial justice of this Court considered both the setoff and the payment credit in designating Plaintiff as the prevailing party. For purposes of this motion, this Court again recognizes Plaintiff as the prevailing party.
Defendants also argue "that the court's exercise of discretion should include a consideration of the respective settlement provisions," claiming that "[a]warding legal fees to a litigant who refuses to consider reasonable offers of settlement and forces trial is contrary to [Rhode Island law]." In the case before the Supreme Court, Defendants argued that settlement offers should be considered when determining the prevailing party. Although recognizing that another state supreme court interpreted legislative intent to add such a requirement, the Supreme Court specifically declined to attribute such an intent to the Rhode Island Legislature. Keystone Elevator, 850 A.2d at 920. Additionally, the Supreme Court noted that if the trial judge had considered the settlement offer, Plaintiff "obtained a net judgment," and could still be considered the prevailing party. Id.
Repeating the argument in its opposition to this motion, Defendants contend that they offered a settlement of $6,000, and "had authority" to offer up to $10,000 during court settlement discussions. Defendants argue that Plaintiff "forced trial by refusing to consider a reasonable settlement," by refusing "to accept anything less than the full amount claimed." The Supreme Court noted, however, that although Defendants said "they were prepared to offer up to $10,000, the only amount proffered was $6,000." Id. (emphasis added). This Court awarded Plaintiff $33,455, reduced to $11,705 by a setoff and a payment credit. This Court does not agree with Defendants that Plaintiff "failed and refused to assess the fair value of its claim and unnecessarily forced trial." Although claiming to be "authorized" to offer more, Defendants offered only $6,000, a little more than half of what this Court awarded Plaintiff at trial. Therefore, this Court finds that Plaintiff did not unreasonably reject Defendants' offer to settle.
Defendants finally contest the award of attorney's fees for the appeal because they "should not be punished by the imposition of another excessive fee . . . for seeking appellate review" of a "matter of `first impression.'" This Court determines the reasonableness of fees by considering the factors included in Rule 1.5 of the Rhode Island Supreme Court Rules of Professional Conduct. The factors relevant in this matter include examination of the time and labor required from the attorney, the novelty or difficulty of the questions involved, the fee customarily charged in the locality for similar legal services, and the nature and length of the professional relationship with the client. The case before the Supreme Court presented an issue of first impression for Plaintiff to defend. With its memorandum in support of attorney's fees, Plaintiff has filed a detailed bill explaining the legal services provided, time spent, and amounts charged. Plaintiff has also included with its memorandum an affidavit of a Rhode Island attorney, in support of its claim for fees. This Court finds the memorandum sufficient to establish the reasonableness of [part or all] of the requested fee pursuant to the factors listed in Rule 1.5. See St. Jean Place Condominium v. Decelles,656 A.2d 628 (R.I. 1995) (holding determination of whether attorney's fee is reasonable requires particular facts in the form of affidavits or testimony upon which the trial court may premise a decision).
Furthermore, § 34-28-19 of the mechanic's lien statute authorizes the "court, in its discretion," to award attorney's fees. Therefore, this Court has authority to award reasonable attorney's fees, as it determines them to be reasonable, even if the matter is one of first impression.
 CONCLUSION
For the foregoing reasons, this Court finds Plaintiff to be the prevailing party and awards Plaintiff reasonable attorney's fees in the amount of $13,755. Counsel shall submit the appropriate judgment for entry.