Justice GOLDBERG,
dissenting.
I respectfully dissent. This is chapter two of what I consider to be an abuse of a citizen’s right to access our courts, particularly the Supreme Court. After this Court’s decision in the underlying case, Sisto v. America Condominium Association, Inc., 68 A.3d 603 (R.I.2013) (Sisto I), the emboldened defendants submitted a request for attorney’s fees to the Superior Court for a whopping $152,122.55. No explanation has been provided for this exorbitant request that subsequently was reduced to $29,748.65, again without explication. No contemporaneous billing records reflecting the actual time spent on this discrete issue exist. No disinterested attorney testified by affidavit that the submission was, in his or her opinion, a reasonable attorney’s fee request. Indeed, the only attorney who so opined was the attorney requesting the fee, á circumstance overlooked by the trial justice. Cf. Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., 464 A.2d 741, 744 (R.I.1983) (declaring that, for the explicit purpose of providing a record *131 upon which this Court may review the propriety of the fee award, “affidavits or testimony establishing the criteria on which a fee award is to be based should be required”); Kenney v. Hickey, 486 A.2d 1079, 1084 (R.I.1985) (vacating fee for guardian ad litem based on the failure of the. Family. Court to follow the majority rule set forth in Colonial Plumbing, 464 A.2d at 744, and requiring expert testimony on the question of the reasonableness of an award of attorney’s fees). In Sisto I, the defendants’ Supreme Court brief for the anti-SLAPP issue consists of a scant nine pages and does not concern a novel or difficult issue of law.
In this case, it was impossible for the trial court, or -anyone else for that' matter, to determine the lodestar for this extraordinary demand. It is well settled that “[t]he starting point or ‘lodestar’ for determining the reasonableness of a fee is ‘the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.’ ” In re Schiff, 684 A.2d 1126, 1131 (R.I.1996) (quoting Pontarelli v. Stone, 781 F.Supp. 114, 120 (D.R.I.1992) (attached as an appendix to In re Schiff) and Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). This is the guiding light for fee-shifting jurisprudence. Its absence in this case was excused by the trial justice and, sadly,' again by this Court. Indeed, the- trial justice found that “[t]he billing records here do not even begin to approach a diligent accounting of the hours spent on the anti-SLAPP appeal.” The trial justice declared that he could not,
“by review of these records, both redacted and unredacted, distinguish between work performed on anti-SLAPP issues and that time dedicated to other matters. * * * For example, it is impossible to determine how the seven hours spent ‘drafting the] appellate brief on November 1, 2012 was divided between the two issues.”
The trial justice also lamented that there was only vague mention of correspondences ' with clients, appellate strategy, oral-argument preparation, and brief drafting in the billing records. The submission included fees for “countless phone conversations regarding the ‘status of [the] appeal’ with each individual board' member” that the trial justice found to “provide little insight to the [c]ourt as to whether such phone calls were necessary or simply duplicative.” Further, “there was no attempt to abate billing entries that encompassed- both fee-eligible and non-fee-eligible work.” In the face of these glaring deficiencies, the fee request should have been denied, and this Court should so hold.
Additionally, the trial justice found that the fee request included work done on the declaratory-judgment appeal — which is forbidden — and he rejected counsel’s affidavit testimony that the requested fees did not include matters that were exclusively related to the declaratory-judgment action.
In my opinion, these damning .findings should have ended this unfortunate episode, and the request for fees should have been denied. And this Court should so hold. The trial justice, however, proceeded to attempt to “separate the wheat from the chaff in calculating a reasonable award.” Rather than carefully sifting through these unpalatable ingredients, he simply performed a mathematical exercise and culled out 70 percent of the request.[8] The trial justice failed to set forth his *132 reasoning for awarding 30 percent of the request in the face of what the trial justice acknowledged was inadequate documentation, a failure to justify the number of hours sought, inconsistencies, and improper billing entries. In my opinion, this is an abuse of discretion and an unjust result. The trial justice, on the basis of the request and.the affidavit of counsel, should have concluded, as do I, that this request shocks the conscience of the Court to such a degree that fees should be denied. See Schiff, 684 A.2d at 1136.
Finally, I pause to note that this is not the only decision this term by this Court concerning an award of award attorney’s fees. In Tri-Town Construction Co, v. Commerce Park Associates 12, LLC, 139 A.3d 467, 749-80, 2016 WL 3419019 (R.I. 2016), this Court reiterated the mandatory nature of our holding in Colonial Plumbing — that affidavits or testimony of expert witnesses “must be from counsel who is a member of the Rhode Island Bar and who is not representing the parties, to the action in which fees are sought.”. Tri-Town Construction Co., 139 A.3d at 479-80. Although this precise challenge was not made in the case before us, the record before this Court, in my opinion, is replete with such shockingly egregious deficiencies that the award constitutes an abuse of discretion. ‘ In Tri-Town Construction Co., we unequivocally rejected the use of “affidavits and documents provided to the court by interested parties.” Id. at 780. We also held that, “[although the standard of review of an order awarding attorney’s fees is [an] abuse of discretion, we are of the opinion that this discretion can only be exercised after competent evidence from independent counsel has been admitted.”. Id. at 479-80 (emphasis, added). In the case before us, we are doing just that — declaring that the trial justice did not abuse his discretion based on “the record he was presented with and the protracted nature of this case.” This is error. This error is compounded by our further justification that, “in the future, we will require more meticulous recordkeeping by attorneys seeking an award of fees — our tolerance today is limited to'the circumstances of this case.” I am not on board.
The Denial of Access to the Courts
My second concern in this case echoes that of my original dissent: that admittedly false letters sent to the Coastal Resources Management Council by counsel for the defendants and by an individual board member, declaring that Sisto did not own the property upon which he sought to expand his unit, were not “directed at petition or free speech,” a required finding to trigger the anti-SLAPP protections of the statute. G.L.1956 § 9-33-2(a), Although the plaintiff had every right to appeal from the original finding that his complaint violated the anti-SLAPP statute and certainly presented this Court with a justiciable controversy, he did so at the risk of an additional adverse attorney’s fee award — that is more than the original attorney’s fee. This is unjust. The result today is emblematic of the very harm I alluded to in my dissenting opinion in Sisto I, 68 A.3d at 618, 620: the denial of access to our courts.- It is the responsibility of this Court to guard against infringement of the rights of citizens to turn to the judiciary for resolution of their disputes. This is the essence of petitioning activity that ought to be paramount in this case. Consequently, I respectfully dissent.

. The trial justice first reduced the fee by 75 percent "to account for the relative apportionment between the reasonable time necessary to prepare the anti-SLAPP and declaratory[-]judgment'matters" and then "increase[d] the already-reduced fee award by [five percent] to reach a lodestar of $8[,]924.60”— *132 resulting in an award of .30 percent of. the amount most recently requested.