**Supreme Court**
No. 2024-195-Appeal.

John Cullen                          :

v.                                   :

Albion Fire District et al.          :

# **O R D E R**

The plaintiff, John Cullen, appeals from a Superior Court judgment directing that the defendants, Albion Fire District, Saylesville Fire District and Albion/Saylesville Fire Districts Consolidation Committee (collectively, the fire districts or defendants), pay the plaintiff attorneys' fees in the amount of $2,500. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

The underlying facts central to this dispute are not contested between the parties. On October 13, 2020, the Albion Fire District held its annual meeting. This meeting was held in person at the Albion Fire Station but, because the meeting was conducted during the COVID-19 pandemic, it was also livestreamed on the fire

- 1 -

district's website. The plaintiff's main contention stems from the fact that the livestream did not allow for real-time participation by remote viewers. This, plaintiff alleged, violated the Open Meetings Act (OMA), which is codified in G.L. 1956 chapter 46 of title 42; and also disregarded the guidance issued by the Attorney General pertaining to Executive Order No. 20-46 mandating the requirements of public accessibility to such meetings during the pandemic.[1]

On November 19, 2020, plaintiff filed a complaint in Providence County Superior Court against defendants alleging violations of the OMA[2] and seeking declaratory relief, including that the actions taken at the October 13, 2020 annual meeting be declared null and void. Additionally, plaintiff requested his reasonable

---

[1] Executive Order No. 20-46 was issued by Governor Raimondo on June 12, 2020, and, after several extensions, was still in effect at the time of the contested meeting. This executive order, in relevant part, stated that "[w]here allowance for active, real-time participation by members of the public is a specific requirement of a state or local law, pursuant to which the proceeding is conducted, any alternative means of public access must provide for such participation." Executive Order No. 20-46. Although the Attorney General's guidance on the subject issued online is no longer available, plaintiff asserts that the guidance he refers to added that "any meetings occurring during the timeframe when the Executive Order is in effect must provide adequate alternative means for public access, even if the members of the public body are able to convene in person."

[2] Count one alleged that the Albion Fire District violated the OMA by its "failure to provide adequate alternate means for active and real time participation" at its October 13, 2020 annual meeting and its failure to file the unofficial minutes of said meeting in a timely manner. Count two alleged that the Albion/Saylesville Fire Districts Consolidation Committee held a public meeting on October 27, 2020, and then voted to continue the meeting to the next day without giving sufficient notice of the continued meeting in violation of the OMA. Counts three and four sought declaratory judgments.

attorneys' fees and costs in accordance with § 42-46-8(d). Because only the attorneys' fees are at issue on appeal, we recite only the outstanding facts relevant to that issue.

In July 2021, plaintiff filed a motion for summary judgment as to counts one, two, and three. The defendants objected. On November 2, 2021, a Superior Court justice (the motion justice) held a hearing on the motion. The motion justice thereafter ruled that, as a matter of law, livestreaming did not provide sufficient alternate means of participation by remote viewers. Therefore, the motion justice concluded, the October 13, 2020 annual meeting was indeed held in violation of the OMA.

The motion justice granted summary judgment as to counts one and two. Thereafter, plaintiff filed a motion seeking attorneys' fees and costs. The defendants objected, arguing only that the two defendant fire districts were "unable to act in any official capacity" after having recently been consolidated with the Lincoln Fire District. The matter came before a second Superior Court justice (the hearing justice) at a hearing at which plaintiff asserted that his attorneys' fees totaled $10,278.50. In support of his request for attorneys' fees, plaintiff presented an

affidavit from a disinterested Rhode Island attorney, Steven M. Richard, evaluating and supporting the reasonableness of the fees.[3]

On December 9, 2022, the hearing justice issued a bench decision in which he found that it was "unclear" how "defendants lost the ability to act in an official capacity before this court" and determined that the legislation consolidating the Albion and Saylesville Fire Districts had clearly intended that they "be able to continue to act on their obligations that arose prior to the consolidation * * *." The hearing justice then turned to the issue of the amount of attorneys' fees requested. The hearing justice noted several factors in his decision, including the initial violation itself, that the violation occurred "rather early on in the pandemic, when much of the world was adjusting to conduct business remotely," and that the subsequent meetings were held on Zoom, which remedied this issue because it did allow for active participation in accordance with the OMA. The hearing justice furthermore referenced the affidavit of Attorney Richard and explained that the

---

[3] Curiously, the hearing justice declined to admit the affidavit into evidence, yet he clearly considered it in his decision. It would appear from the transcript that defendants objected to the admission of the affidavit because the affiant was not present at the hearing and, thus, defendants were unable to cross-examine him. After a somewhat confusing exchange among the parties and the hearing justice, the hearing justice appears to have agreed with defendants' request not to admit the affidavit—to which plaintiff objected; but the hearing justice also said that he would "rely" on the affidavit. The plaintiff has not ascribed error to the hearing justice's ruling, nor, indeed, has he raised the issue on appeal, and defendants have not filed an appeal. Therefore, we need not discuss the matter further.

affidavit addressed the relevant factors in existing caselaw related to the reasonableness of fees. The hearing justice then awarded attorneys' fees to plaintiff in the amount of $2,500.[4] An order to that effect was entered on January 4, 2023.

Following that order, relevant to the issue of attorneys' fees, the parties filed a joint stipulation that plaintiff be allowed to cash his check for attorneys' fees without waiving his right to appeal and that, regardless of the outcome of this appeal, plaintiff would be entitled to keep at least the $2,500 already awarded to him. Judgment entered on August 15, 2023, in favor of plaintiff on counts one and two with respect to liability, awarding plaintiff $2,500 in attorneys' fees, denying all of plaintiff's requests for equitable relief, and dismissing counts three and four as moot. This timely appeal followed.

"[T]he issue of whether there exists a *basis* for awarding attorneys' fees generally is legal in nature, and therefore our review of such a ruling is *de novo*." *Danforth v. More*, 129 A.3d 63, 72 (R.I. 2016) (quoting *Shine v. Moreau*, 119 A.3d 1, 8 (R.I. 2015)). "If it is determined that there is an adequate legal basis for such an award, then we review a trial justice's decision awarding or denying attorneys' fees for an abuse of discretion." *Id.*

---

[4] Finding that defendants' violation of the OMA was neither willful nor knowing, the hearing justice denied plaintiff's request for injunctive relief under G.L. 1956 § 42-46-8(d) of the OMA. That issue was not appealed.

Section 42-46-8(d) of the OMA provides:

> "The court shall award reasonable attorney fees and costs to a prevailing plaintiff, other than the attorney general, except where special circumstances would render such an award unjust. The court may issue injunctive relief and declare null and void any actions of a public body found to be in violation of this chapter. In addition, the court may impose a civil fine not exceeding five thousand dollars ($5,000) against a public body or any of its members found to have committed a willful or knowing violation of this chapter."

Clearly, the OMA provides a legal basis for the award of attorneys' fees in this case. Our review, then, is for abuse of discretion.

Although "the OMA requires the remedy of attorney's fees to a prevailing plaintiff, the court, in fashioning the amount of this award, must ensure that the remedy is proportional to the breach and the effect thereof, by considering the circumstances surrounding the OMA violation." *Tanner v. Town Council of Town of East Greenwich*, 880 A.2d 784, 800 (R.I. 2005).

When reviewing the hearing justice's decision for an abuse of discretion, we note that the hearing justice specifically listed the factors this Court has enumerated in *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., Inc.*, 464 A.2d 741 (R.I. 1983), which are largely mirrored in Article V, Rule 1.5 of the Supreme Court Rules of Professional Conduct. *See Colonial Plumbing & Heating Supply Co.*, 464 A.2d at 743.

The hearing justice then went on to discuss several other factors, including the precedent set, the initial violation, that the violation was remedied for all future meetings, the timing of the initial violation in relation to the pandemic, and the lack of evidence "supporting a determination that the defendant's violation was willful or knowing * * *." He correctly noted that the court "has a great deal of discretion in determining the amount of attorney's fees" and that "the award of attorney's fees must be proportionate to the breach and effect thereof." He then referred to the affidavit in which Attorney Richard analyzed the application of Rule 1.5 to plaintiff's request for attorneys' fees, "specifically analyzing plaintiff's attorney's skills, work history, the rate of charge, time spent on each task billed for, and the nature of the lawsuit." Unfortunately, the hearing justice did not explain what weight he gave to any of the various factors or why his award of $2,500 was substantially less than that which Attorney Richard opined was a reasonable fee.

Nevertheless, we have carefully reviewed the record and cannot say that the hearing justice's award of $2,500 in attorneys' fees fell outside of the considerable discretion afforded to him.

For the foregoing reasons, the judgment is affirmed. The record may be returned to the Superior Court.

Entered as an Order of this Court this   23rd  day of April, 2025.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk


Justice Lynch Prata did not participate.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | John Cullen v. Albion Fire District et al. | |
| **Case Number** | No. 2024-195-Appeal.<br>(PC 20-8089) | |
| **Date Order Filed** | April 23, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Timothy K. Baldwin, Esq. | |
| | For Defendants:<br><br>Louis A. DeSimone, Esq. | |